Seung Yang (SBN 249857)
E-mail: *seung.yang@moonyanglaw.com*
Allen Feghali (SBN 301080)
E-mail: *allen.feghali@moonyanglaw.com*
Christopher L. Garcia (SBN 306082)
E-mail: *chris.garcia@moonyanglaw.com*
**MOON & YANG, APC**
1055 W. Seventh Street, Suite 1880
Los Angeles, California 90017
Telephone:     (213) 232-3128
Facsimile:     (213) 232-3125

Attorneys for Plaintiff
FLORENTINO LOPEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENTINO LOPEZ, an individual; | Case No.:  22-cv-1404-RSH-DDL |
| *Plaintiff*, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| vs. | |
| UTILITY TREE SERVICE, LLC, a Pennsylvania Limited Liability Company; and DOES 1 through 25, inclusive, | 1. **AGE DISCRIMINATION IN VIOLATION OF FEHA;**<br>2. **RETALIATION IN VIOLATION OF FEHA;** |
| *Defendants*. | 3. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION, AND/OR RETALIATION;**<br>4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>5. **FAILURE TO PAY MINIMUM WAGES [CAL. LAB. CODE §§ 204, 1194, 1194.2, AND 1197];**<br>6. **FAILURE TO PAY OVERTIME COMPENSATION [CAL. LAB. CODE §§ 1194 AND 1198];**<br>7. **FAILURE TO PROVIDE MEAL PERIODS [CAL. LAB. CODE §§ 226.7, 512];**<br>8. **FAILURE TO AUTHORIZE AND PERMIT REST BREAKS [CAL. LAB. CODE §§ 226.7];** |

9.  **FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES [CAL. LAB. CODE § 2802];**
10. **FAILURE TO TIMELY PAY FINAL WAGES AT TERMINATION [CAL. LAB. CODE §§ 201-203];**
11. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS [CAL. LAB. CODE § 226]; AND**
12. **UNFAIR BUSINESS PRACTICES [CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.].**

[JURY TRIAL DEMANDED]

COMES NOW Plaintiff Florentino Lopez who files this Complaint against Defendant Utility Tree Service, LLC, and DOES 1 through 25 inclusive (collectively "Defendants") herein, and against each of them, and for causes of action allege as follows.

## THE PARTIES

1.      Plaintiff Florentino Lopez ("Plaintiff" or "Lopez") is, and at all relevant times herein was, an individual residing in the County of San Diego, State of California.

2.      Plaintiff is informed and believes, and thereon alleges that Defendant Utility Tree Service, LLC ("Utility" or "Defendant") is, and at all times material hereto was a Pennsylvania Limited Liability Corporation doing business in the County of San Diego, State of California with its corporate office located at 16486 Bernardo Center Dr. #318, San Diego, CA 92128.

3.      Plaintiff is ignorant of the true names and capacities of those defendants sued as DOES 1 through 25, inclusive, and, therefore, sues them under the fictitious names pursuant to Code of Civil Procedure Section 474.  Plaintiff is informed and believe, and thereupon allege that DOE defendants are in some manner or capacity and to some degree legally and proximately responsible and liable for the damages which Plaintiff complains.  When the true

names and capacities of DOES 1 through 25 are determined, Plaintiff will seek leave to amend this complaint to allege the true names and capacities of such DOE defendants.

4.    Plaintiff brings the Fifth through Twelfth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below).  The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

5.    Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

6.    Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

    a.    Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

    b.    Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

    c.    Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

    d.    Failing to indemnify employees for necessary business expenses incurred;

e.  Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

f.  Failing to maintain accurate records of the hours that employees worked.

g.  Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

7.  On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

8.  At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class.  Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

9.  Plaintiff is informed and believes, and thereon alleges that Defendants' improper conduct hereinafter alleged occurred in the County of San Diego, California. Plaintiff further alleges that at all times relevant hereto, Plaintiff was employed to work, and did work in the State of California, County San Diego.

**GENERAL ALLEGATIONS**

10.  In or around 2001, Lopez became employed by Defendant. Lopez remained employed by Defendant until he was wrongfully terminated on or about June 4, 2021.

11.  Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish

accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

12.    Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Throughout the statutory period, Plaintiff and the Class were required to work "off the clock", and uncompensated.  This included pre-check-in activities such as a COVID temperature screening (including waiting in line for this screening), and waiting in line in order to clock into work each workday, off the clock and uncompensated. Defendants also paid additional remunerations that were not factored into the regular rate of pay for purposes of paying overtime, meal premiums, and/or sick pay. Moreover, Defendant failed to provide all required sick pay pursuant to Labor Code section 246. Further, Defendants occasionally sent Plaintiff and the Class home early, such as within the first 2 hours of work, but failed to pay reporting time pay in those instances.  In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

13.    Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

14.    Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous

and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

15. Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement.

16. Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages. Further, Defendants did not pay Plaintiff and the Class their final paychecks immediately upon termination.

17. Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address). Further, the wage statements do not show Defendant's address as required by California law. As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

a.  the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

b.  the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

c.  the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

d.  the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

e.  the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

f.  in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

g.  by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

h.  the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

18.  Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

19.     Near the end of Lopez's employment with Defendant, Lopez's supervisor consistently made comments about the speed of Lopez's work, derogatorily referring to him as "flash." Lopez's supervisor also frequently asked Lopez when Lopez would be retiring from Defendant. Lopez complained about these comments to Defendant; however, Defendant took no corrective action.

20.     On or about June 4, 2021, Defendant called Lopez in for a meeting and suddenly informed Lopez that he was being terminated. Lopez was over the age of 40 at the time he was terminated, being approximately 74 years of age at the time.

21.     Lopez is informed and believes and thereon alleges that at all times mentioned in this complaint, Defendants regularly employed 5 or more persons in the state of California, and therefore are accordingly subject to the provisions of FEHA.

22.     Lopez has duly complied with the requirements of the Fair Employment and Housing Act by filing charges of discrimination with the DFEH and obtaining the requisite "Right to Sue" notice.

23.     On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

24.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Lopez.  Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

25.     On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

## **CLASS ACTION ALLEGATIONS**

26.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure § 382.

27.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

28.    The proposed Class consists of and is defined as:

> All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

29.    At all material times, Plaintiff was a member of the Class.

30.    Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

31.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-

defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2)  The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3)  The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4)  The difficulties likely to be encountered in the management of a class action.

(e)  Public Policy Considerations:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is

10

1       protected.

2       32.     There are common questions of law and fact as to the Class (and each subclass, if

3       any) that predominate over questions affecting only individual members, including without

4       limitation, whether, as alleged herein, Defendants have:

5               (f)     Failed to pay Class Members for all hours worked, including minimum

6                       wages, and overtime wages;

7               (g)     Failed to provide meal periods and pay meal period premium wages to

8                       Class Members;

9               (h)     Failed to authorize and permit rest periods and pay rest period premium

10                      wages to Class Members;

11              (i)     Failed to promptly pay all wages due to Class Members upon their

12                      discharge or resignation;

13              (j)     Failed to maintain accurate records of all hours Class Members worked,

14                      and all meal periods Class Members took or missed;

15              (k)     Failed to reimburse Class Members for all necessary business expenses;

16                      and

17              (l)     Violated California Business & Professions Code §§ 17200 *et. seq.* as a

18                      result of their illegal conduct as described above.

19      33.     This Court should permit this action to be maintained as a class action pursuant to

20      California Code of Civil Procedure § 382 because:

21              (m)     The questions of law and fact common to the Class predominate over any

22                      question affecting only individual members;

23              (n)     A class action is superior to any other available method for the fair and

24                      efficient adjudication of the claims of the members of the Class;

25              (o)     The members of the Class are so numerous that it is impractical to bring all

26                      members of the class before the Court;

27              (p)     Plaintiff, and the other members of the Class, will not be able to obtain

28                      effective and economic legal redress unless the action is maintained as a

1    class action;

2    (q)    There is a community of interest in obtaining appropriate legal and

3          equitable relief for the statutory violations, and in obtaining adequate

4          compensation for the damages and injuries for which Defendants are

5          responsible in an amount sufficient to adequately compensate the members

6          of the Class for the injuries sustained;

7    (r)    Without class certification, the prosecution of separate actions by

8          individual members of the class would create a risk of:

9          1)    Inconsistent or varying adjudications with respect to individual

10               members of the Class which would establish incompatible standards

11               of conduct for Defendants; and/or

12         2)    Adjudications with respect to the individual members which would,

13               as a practical matter, be dispositive of the interests of other

14               members not parties to the adjudications, or would substantially

15               impair or impede their ability to protect their interests, including but

16               not limited to the potential for exhausting the funds available from

17               those parties who are, or may be, responsible Defendants; and,

18   (s)    Defendants have acted or refused to act on grounds generally applicable to

19          the Class, thereby making final injunctive relief appropriate with respect to

20          the class as a whole.

21   34.    Plaintiff contemplates the eventual issuance of notice to the proposed members

22   of the Class that would set forth the subject and nature of the instant action.  The Defendants'

23   own business records may be utilized for assistance in the preparation and issuance of the

24   contemplated notices.  To the extent that any further notices may be required, Plaintiff would

25   contemplate the use of additional techniques and forms commonly used in class actions, such

26   as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or

27   by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

28                              **FIRST CAUSE OF ACTION**

**(Age Discrimination in Violation of FEHA – Against All Defendants)**

35.    Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

36.    FEHA, codified in Government Code §§12900 *et seq.*, makes it unlawful for an employer to discriminate against an employee on the basis of the employee's age.

37.    Plaintiff is informed and believes and thereon alleges, that by terminating Plaintiff, who at the time of her termination was the age of 74, Defendants violated FEHA.

38.    Plaintiff is informed and believes and thereon alleges, that his age was a motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against her, in violation of Government Code §12940.

39.    At all times relevant hereto, Plaintiff performed his job duties for Defendants in a competent and efficient manner within the company rules and policies.  In general, Plaintiff performed his duties as an exemplary employee.

40.    Although Plaintiff was qualified for his position based on his extensive experience with Defendants, Plaintiff was discriminated based on his age.

41.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

42.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

43.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

44.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to his damage in a sum according to proof.

45.     The above-referenced actions of Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.  Specifically, Defendants discriminated against and/or terminated Plaintiff because of his age, thereby entitling Plaintiff to punitive damages.

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of FEHA – Against All Defendants)**

46.     Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

47.     Plaintiff was subjected to adverse employment actions including, but not limited to, termination. Plaintiff is informed and believes and thereon alleges that such adverse employment actions were taken in retaliation for exercising his rights under FEHA. Such conduct violates Government Code section 12945.2(1) and other provisions of FEHA.

48.     As a proximate cause of these Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

49.     As a further proximate result of these Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

50.     As a further proximate result of these Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

51.     As a further proximate result of these Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to his damage in a sum according to proof.

52.     The above-referenced actions of these Defendants' were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California

Civil Code § 3294 and in violation of the public policy of California. Specifically, these Defendants discriminated against and/or terminated Plaintiff because of his age, thereby entitling Plaintiff to punitive damages.

## THIRD CAUSE OF ACTION

### (Failure to Take All Reasonable Steps to Prevent Discrimination and/or Retaliation - Against All Defendants)

53.     Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

54.     Defendants failed to take all reasonable steps necessary to prevent the aforementioned discrimination, and/or retaliation to which Plaintiff was subjected to in violation of California Government Code § 12940.

55.     The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

56.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

57.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

58.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

59.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to his damage in a sum according to proof.

60.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of his age, thereby entitling Plaintiff to punitive damages.

### **FOURTH CAUSE OF ACTION**

### **(Wrongful Termination in Violation of Public Policy - Against All Defendants)**

61.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

62.     Plaintiff is informed and believes and thereon alleges, that Defendants terminated Plaintiff because Plaintiff is over the age of 40.

63.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

64.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

65.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

66.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

67.     The above-referenced actions of Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of Plaintiff's age, thereby entitling Plaintiff to punitive damages.

### FIFTH CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

68.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the foregoing in this Complaint.

69.     "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

70.     At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

71.     Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

72.     By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

73.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

74.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

75.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

76.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

77.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SIXTH CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

78.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the foregoing in this Complaint.

79.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

80.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

81.     At all times relevant hereto, Plaintiff and the Class have worked more than eight

18

hours in a workday, as employees of Defendants.

82.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

83.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

84.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

85.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

86.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

## SEVENTH CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

87.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the foregoing in this Complaint.

88.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the

start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

89.     Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

90.     Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## EIGHTH CAUSE OF ACTION

### (Against All Defendants for Failure to Authorize and Permit Rest Periods)

91.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the foregoing in this Complaint.

92.     Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

93.     Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

94.     Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## NINTH CAUSE OF ACTION

### (Against All Defendants for Failure to Indemnify Necessary Business Expenses)

95.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the foregoing in this Complaint.

96.     Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

97.     As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

98.     Plaintiff and the class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

## TENTH CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)

99.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the foregoing in this Complaint.

100.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

101.    Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

102.    Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

103.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

104.    Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

105.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## **ELEVENTH CAUSE OF ACTION**

**(Against all Defendants for Failure to Provide and Maintain Accurate and**

**Compliant Wage Records)**

106.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the foregoing in this Complaint.

107.    At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

108.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

109.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

110.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

111.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related

23

laws and regulations.

112.    Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

113.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## TWELFTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

114.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the foregoing in this Complaint.

115.    Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

116.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

117.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

118.    A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of

California Business &Professions Code §§ 17200, *et seq*.

**Failure to Pay Minimum Wages**

119.    Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Pay Overtime Wages**

120.    Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Maintain Accurate Records of All Hours Worked**

121.    Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Provide Meal Periods**

122.    Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Authorize and Permit Rest Periods**

123.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Indemnify Necessary Business Expenses**

124.    Defendants' failure to indemnify employees for necessary business expenses in accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Provide Accurate Itemized Wage Statements**

125.    Defendants' failure to provide accurate itemized wage statements in accordance

with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

126.    By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

127.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

128.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

129.    Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

130.    Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

131.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other

withholdings.

132.    132.  Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief against Defendants, and each of them as follows:

### Class Certification

1.    That this action be certified as a class action with respect to the Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action;

2.    That Plaintiff be appointed as the representative of the Class; and

3.  That counsel for Plaintiff be appointed as Class Counsel.


## **FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION**

1.  For general damages for pain and suffering according to proof;

2.  For damages for past and future medical expenses according to proof;

3.  For lost wages and other benefits according to proof;

4.  For reasonable attorneys' fees in an amount according to proof;

5.  For punitive damages in an amount according to proof;

6.  For prejudgment interest as provided by law;

7.  For civil penalties as provided by law;

8.  For costs of suit; and

9.  For such other and further relief as the Court may deem proper.

### As to the Fifth Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

11. For general unpaid wages as may be appropriate;

12. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

13. For liquidated damages;

14. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

15. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

16. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

17. For general unpaid wages at overtime wage rates as may be appropriate;

18. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

19. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

20. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

21. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

22. For unpaid meal period premium wages as may be appropriate;

23. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

24. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

25. For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

26. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

27. For unpaid rest period premium wages as may be appropriate;

28. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

29. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

30. For such other and further relief as the Court may deem equitable and appropriate.

As to the Ninth Cause of Action

31. That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the IWC Wage Orders;

32. For general unpaid wages and reimbursement of business expenses as may be appropriate;

33. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

34. For reasonable attorneys' fees and for costs of suit incurred herein; and

35. For such other and further relief as the Court may deem equitable and appropriate.

As to the Tenth Cause of Action

36. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

37. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

38. For pre-judgment interest on any unpaid wages from the date such amounts were due;

39. For reasonable attorneys' fees and for costs of suit incurred herein; and

40. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eleventh Cause of Action</u>

41. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

42. For penalties and actual damages pursuant to California Labor Code § 226(e);

43. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

44. For reasonable attorneys' fees and for costs of suit incurred herein; and

45. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Twelfth Cause of Action</u>

46. That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq*. by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

47. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

48. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq*.;

49. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

50. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq*.; and,

51. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

52. For any additional relief that the Court deems just and proper.

1

2

3    Dated: 11/04/2022                    **MOON & YANG, APC**

4

5                                         By: _____

6                                              Seung Yang
                                                 Allen Feghali
7                                              Christopher Garcia

8                                              Attorneys for Plaintiff

9

10                        **DEMAND FOR JURY TRIAL**

11

12        Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

13    Dated: 11/04/2022                    **MOON & YANG, APC**

14

15                                         By: _____

16                                              Seung Yang
                                                 Allen Feghali
17                                              Christopher Garcia

18                                              Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT