# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENTINO LOPEZ, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>UTILITY TREE SERVICE, LLC, a Pennsylvania Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. 3:22-cv-01404-JES-DDL<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT**<br><br>**ECF No. 45** |
| LUIS HERNANDEZ, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>UTILITY TREE SERVICE, LLC, a Pennsylvania Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>    Defendant. | |

# ORDER

WHEREAS, a proposed Class and Private Attorneys General Act ("PAGA") Action is pending before the Court, entitled *Florentino Lopez v. Utility Tree Service, LLC, United States District Court, Southern District of California*, Case No. 3:22-cv-01404-JES-DDL;

WHEREAS, Plaintiffs Florentino Lopez and Luis Hernandez ("Plaintiffs") and Defendant Utility Tree Service, LLC ("Utility Tree") (collectively, the "Parties") have entered into a Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement" or "Settlement Agreement," attached as **Exhibit 1** to the accompanying declaration of Kane Moon); and

WHEREAS, the Court has considered all papers submitted on Plaintiffs' Motion for Preliminary Approval of Class and PAGA Action Settlement, including the Declaration of Kane Moon, the Declaration of Plaintiff Florentino Lopez, the Declaration of Plaintiff Luis Hernandez, the Joint Stipulation of Class and PAGA Action Settlement and Release ("Settlement") and all exhibits attached thereto, records and prior proceedings to date in this matter, and good cause appearing,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED as follows:**

1. The Parties have agreed to settle and seek a Judgment resolving this Action in accordance with the terms and conditions of the Settlement Agreement. The Court notes that Defendant has agreed to create a common fund of $850,000.00 to cover (a) settlement payments to Class Members who do not validly opt out; (b) Class Representative Service Payments of up to $5,000.00 for each Plaintiff; (c) Class Counsel's attorneys' fees not to exceed 33 13/% of the Gross Settlement Amount ($283,333.33) and up to $25,000.00 in costs for actual litigation expenses incurred by Class Counsel; (d) Settlement Administration costs of up to $15,000.00; and (e) PAGA Settlement payment in the amount of $25,000.00, with 75% ($18,750.00) to the California Labor and Workforce Development Agency ("LWDA") and 25% ($6,250.00) to the Employees' PAGA portion. The definitions

1  in the Settlement Agreement are hereby incorporated as though fully set forth in this
2  Order, and all other terms and phrases in this Order shall have the same meaning as
3  ascribed to them in the Settlement Agreement.

4      2.    The Court finds that, subject to the Final Approval Hearing, the
5  Settlement Agreement, including all exhibits thereto, is preliminarily approved as
6  fair, reasonable, and adequate, and in the best interests of the Settlement Class set
7  forth below. The Court further finds that the Settlement Agreement substantially
8  fulfills the purposes and objectives of the Class and PAGA Action and provides
9  substantial relief to the Settlement Class without the risks, burdens, costs, or delay
10 associated with continued litigation, trial, and/or appeal. The Settlement is not a
11 finding or admission of liability by the Defendant or any other person, nor a finding
12 of the validity of any claims asserted in the Action or of any wrongdoing or any
13 violation of law.

14     3.    Plaintiffs, by and through their counsel, have investigated the pertinent
15 facts and have evaluated the risks associated with continued litigation, trial and/or
16 appeal. The Court finds that the Settlement Agreement: (a) is the result of arm's-
17 length negotiations between the Parties and experienced counsel; (b) is sufficient to
18 warrant notice of the settlement and the Final Approval Hearing to be disseminated
19 to the Settlement Class; (c) meets all applicable requirements of law, including
20 Federal Rule of Civil Procedure 23.

21           **Conditional Certification of the Settlement Class**

22     4.    For purposes of settlement only: (a) Moon Law Group, PC and
23 Wilshire Law Firm, PLC are appointed as Class Counsel for the Settlement Class;
24 and (b) Plaintiffs Florentino Lopez and Luis Hernandez are appointed Class
25 Representatives. The Court finds that these attorneys are competent and capable of
26 exercising the responsibilities of Class Counsel and that Plaintiffs will adequately
27 protect the interests of the Settlement Class defined below.

28     5.    For purposes of settlement only and for purposes of disseminating

1  Class Notice, and without prejudice to Defendant's right to contest class certification
2  if the Settlement Agreement is not finally approved, the Court conditionally certifies
3  the following Settlement Class as defined in the Settlement Agreement: "all persons
4  who worked for Utility Tree in California as an hourly-paid, non-exempt employee
5  at any time from February 15, 2020 to the date of the Court's order preliminarily
6  approving this Settlement." Excluded from the Settlement Class are all persons who
7  properly and timely elect to opt out.

      6.      The Court finds, subject to the Final Approval Hearing, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and specifically, that: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of fact and law common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; (4) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (5) common questions of law or fact predominate over questions affecting individual members; and (6) a class action is a superior method for fairly and efficiently adjudicating the Action.

      7.      If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's conditional grant of class certification shall be vacated, null, and void in all respects, and the Class Representative and the Settlement Class will once again bear the burden of establishing the propriety of class certification for purposes of litigation. In such case, neither the conditional certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Class Counsel's Award and Class Representatives' Service Payment**

8. The Court preliminarily approves Class Counsel's ability to request attorneys' fees of up to one-third of the Gross Settlement Amount ($288,333.33), and costs/expenses not exceeding $25,000.00.

9. The Court preliminarily approves the requested Class Representative enhancement payments of $5,000.00 to Plaintiff Florentino Lopez and $5,000.00 to Plaintiff Luis Hernandez.

**Release**

10. Upon the final approval by the Court of this Settlement and payment by Defendant of all funds due under the terms of the Settlement, and except as to such rights or claims as may be created by this Settlement, the Class Representatives and all Class Members who have not submitted a valid and timely request for exclusion as to claims, will release claims as follows:

    a. <u>Released Claims</u>. "Released Claims" means, all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from the same facts and/or claims alleged in the Original Complaint, PAGA Complaint and First Amended Complaint, Second Amended Complaint and Third Amended Complaint (collectively "Complaint"), or related to claims that were pled or could have been pled based on the facts alleged in the Complaint and in pending PAGA Letters submitted to LWDA by Putative Class Members and/or Class Counsel, including claims for wages, restitution, statutory and civil penalties, interest, fees, and costs, and claims arising from California's Private Attorneys General Act, including under the California Labor Code and corresponding provisions of Wage Orders, based on the following categories of claims and allegations: (1) failure to pay wages, including minimum wages, regular wages, overtime wages at the regular rate, double time wages, paid sick leave, reporting time wages,

|   |   |
|---|---|
| 1 | vacation wages and shift differentials; (2) failure to provide meal |
| 2 | periods and associated premium pay; (3) failure to authorize and permit |
| 3 | rest breaks and associated premium pay; (4) failure to timely pay final |
| 4 | wages at termination; (5) failure to provide accurate itemized wage |
| 5 | statements; (6) failure to timely pay all wages during employment; (7) |
| 6 | failure to reimburse business expenses; (8) failure to maintain accurate |
| 7 | records of hours worked; (9) failure to maintain accurate records of |
| 8 | meal breaks; (10) unfair business practices in violation of California |
| 9 | Business and Professions Code sections 17200, *et seq.*, including |
| 10 | incorporated or related claims based on alleged violations of California |
| 11 | Labor Code sections 201, 202, 203, 204, 210, 221, 226, 226.3, 226.7, |
| 12 | 227.3, 233, 246, 246.5, 510, 512, 551, 552, 558, 1174, 1174.5, 1194, |
| 13 | 1194.2, 1197, 1197.1, 1198, 2800 and 2802 *et seq.*; and (11) civil |
| 14 | penalties under the Private Attorneys General Act (California Labor |
| 15 | Code sections 2698 *et seq.*, including incorporated or related claims |
| 16 | based on alleged violations of California Labor Code sections 201, 202, |
| 17 | 203, 204, 210, 218, 221, 226, 226.7, 227.3, 246, 510, 512, 551, 552, |
| 18 | 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 2800 and 2802 *et seq.* |

    b. <u>Released Claims Period</u>. "Released Claims Period" means the period from February 15, 2020 to the date the Settlement is primarily approved by the Court.

    c. <u>Released Parties</u>. "Released Parties" means Defendant, and any of its former and present parents, subsidiaries, and affiliates, divisions, corporations in common control, predecessors, successors, and assigns, as well as all, and their past and present officers, directors, employees, partners, shareholders, agents, attorneys, insurers, and any other successors, or assigns, or legal representatives, except insofar as these individuals are Class Members.

    d. <u>Release of Additional Claims and Rights by Plaintiffs</u>. Upon payment of all funds due hereunder and the occurrence of the Effective Date, as a condition of receiving any portion of their Class Representative Enhancement Payment, Plaintiffs will agree to the additional following General Release: In consideration of Defendant's promises and agreements as set forth herein, each Plaintiff hereby fully releases the Released Parties from any and all Released Claims and also generally releases and discharges the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind which have been or could have been asserted against the Released Parties arising out of or relating to Plaintiffs' employment by Defendant or termination thereof, including but not limited to claims for wages, restitution, penalties, retaliation, or wrongful termination of employment, and including any other claims whatsoever, including any interest thereon, including claims based on alleged discrimination on the basis of sex, race, national origin, ancestry, age, religion, disability, handicap, and/or veteran status, and/or any other state or federal or common law, statutory, or other claims arising out of or relating to Plaintiffs' employment by Defendant. This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs (except provided by the Agreement) relating to or in any way connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein. Thus, Plaintiffs expressly waive any right or claim or right to assert hereafter that any claim, demand, obligation, and/or cause of action has, through ignorance, oversight, or error, been omitted from the terms of this Settlement Agreement. Specifically, Plaintiffs waive all rights and

7
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT

benefits afforded by California Civil Code Section 1542, which provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. The release of claims set forth in this paragraph does not include claims for workers' compensation benefits or any of claims that may not be released by law.

e. <u>PAGA Settlement and Release</u>. The Parties acknowledge and agree that for purposes of the PAGA and Judgment, all Putative Class Members were allegedly aggrieved in the same manner pursuant to Labor Code § 2698, *et. seq.*, in that each Putative Class Member allegedly suffered at least one of the alleged Labor Code violations asserted in the Complaint for which the PAGA provides an available remedy. The Parties also acknowledge and agree that, by law, non-party employees have no right to opt out of, or object to, the settlement of PAGA claims, that the settlement of PAGA claims is subject to Court approval, and a judgment with respect to PAGA claims is binding with respect to non-party employees upon Court approval, pursuant to California Labor Code section 2699(l), *Arias v. Superior Ct. (Dairy)*, 46 Cal. 4th 969, and *Cardenas v. McLane Foodservice, Inc.*, 2011 WL 379413 at *3 (C.D. Cal. Jan. 31, 2011). As such, irrespective of whether a Putative Class Member submits a Request for Exclusion, upon approval of the Settlement, all Putative Class Members will be issued payment for PAGA penalties as provided herein, and upon the Effective Date, shall be deemed to have released the Released Claims arising under PAGA.

**Notice and Administration**

11. The Court approves, as to form, content, and distribution, the Notice plan set forth in the Settlement Agreement, including the Notice to the Settlement Class as set forth in the Settlement Agreement and **Exhibit A**, and finds that such Notice is reasonable and the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

12. The Court approves the request for the appointment of Simpluris Class Action Settlement Administration ("Simpluris") as Settlement Administrator of the Settlement Agreement, with reasonable administration costs estimated not to exceed $15,000.00.

13. Pursuant to paragraphs 44 to 46 of the Settlement Agreement, the Settlement Administrator is directed to send the Notice directly by First-Class U.S. Mail in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also establish and maintain a toll-free informational telephone support line to assist the Settlement Class Members who have questions regarding the Settlement or Notice.

**Submission of Requests for Exclusion from Settlement Class**

14. Any person falling within the definition of the Settlement Class may,

upon valid and timely request, exclude themselves or "opt out" from the Settlement Class. Any such person may do so if, on or before the Response Deadline (30 calendar days from the initial mailing of the Notice), they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any Settlement Class Members so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

15. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Response Deadline (30 calendar days from the initial mailing of the Notice). The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Members of the Settlement Class who fail to submit a valid and timely request for exclusion shall become a Class Member and shall be bound by all terms of the Settlement Agreement, including those pertaining to the Released Claims, as well as any Judgment that may be entered by the Court if it grants final approval of the Settlement. However, irrespective of whether a Settlement Class Member submits a Request for Exclusion, upon final approval of the Settlement, all Class Members will be issued payment for PAGA Penalties and shall be deemed to have released the Released Claims arising under PAGA.

**Submission of Requests for Objection from Settlement Class**

16. Any person falling within the definition of the Settlement Class who does not submit a timely Request for Exclusion shall be permitted to object to the Settlement before Final Approval. To object, a Settlement Class Member must do so on or before the Response Deadline (30 calendar days from the initial mailing of the Notice).

17. Such objection shall not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the objector, and shall state each specific objection and any legal and factual support for

10
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT

each objection.  Irrespective of whether a notice of objection is submitted, Class Members are entitled to be heard at the Final Approval Hearing.

18.     If the Court rejects the Settlement Class Member's objection, the Settlement Class Member will still be bound by the terms of the Settlement Agreement, including the release.

**Final Approval Hearing**

19.     The Final Approval Hearing shall be held before this Court on **May 22, 2024, at 9:00 a.m.** in Courtroom 4B, 4th Floor, at United States District Court, Southern District of California, 221 West Broadway, San Diego, California 92101, to determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement (including as it may be modified prior to the Final Approval Hearing date) is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the Fee and Costs Award to Class Counsel; and (d) whether to approve the payment of the incentive awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.  The new date of Hearing, if any, shall be published on the Court's docket and on the Class Notice.

**Implementation Schedule**

20.     The Court orders the following Implementation Schedule:

| | |
|---|---|
| Defendant to provide Class List and Data to the Settlement Administrator | Within 14 calendar days from the date of preliminary approval by the Court |
| Settlement Administrator to mail the Notice Packets by First Class Mail | Within 10 calendar days after the Class List and Data is provided to the Settlement Administrator |
| Response Deadline | Within 30 days after the Settlement Administrator initially mails the |

11
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT

| | |
|---|---|
| | Notice to Settlement Class Members |
| Deadline to file Motion for Final Approval | April 19, 2024 |
| Final Approval Hearing | May 22, 2024 at 9:00 a.m. in Courtroom 4(B) |

**Further Matters**

21. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement. Additionally, pending this Court's determination as to whether to finally approve the Settlement, the Court hereby prohibits and/or enjoins any other person, entity or counsel (other than successful opt-outs to this Settlement) from representing or from commencing, prosecuting, participating in or assisting in any lawsuit or proceeding against the Released Parties on any matters within the scope of the Released Claims.

22. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

Dated: January 22, 2024

Honorable James E. Simmons Jr.
United States District Judge