

# United States District Court

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Florentino Lopez, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>Utility Tree Service, LLC., a Pennsylvania Limited Liability Company; and DOES 1 through 10, inclusive<br><br>Defendant. | Civil Action No.   22-cv-1404-JES-DDL<br><br>**JUDGMENT IN A CIVIL CASE** |

**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED:

1. The Court finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. For purposes of settlement, the requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiffs are typical of the claims of the Class; and Plaintiffs will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2. The Parties' settlement appears to have been made and entered into in good faith and is hereby finally approved as fair, adequate, and reasonable, subject to the limitations on the requested fees and payments as set forth below.

**Date:**   5/23/24

**CLERK OF COURT**
**JOHN MORRILL, Clerk of Court**
By:  s/  M. Quinata

M. Quinata, Deputy

# United States District Court

**SOUTHERN DISTRICT OF CALIFORNIA**

(ATTACHMENT)

Civil Action No. 22-cv-1404-JES-DDL

3. The Court further finds that the settlement of Plaintiffs' PAGA claim is fair and reasonable, and finally approves the Settlement and release of that claim and the payment to the LWDA in the amount of $18,750.00. Plaintiffs have provided evidence that the LWDA received notice of the proposed settlement in the manner required by the LWDA.

4. The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:
All persons who worked for Defendant in California as an hourly-paid, non-exempt employee at any time from February 15, 2020, through January 22, 2024.
Participating Class Members are those Class Members who did not timely request exclusion from the Settlement. Based on the Declaration of Gillian McCreedy on behalf of Simpluris, Inc., no Class Members submitted a valid and timely Request for Exclusion pursuant to the Settlement.

5. The distribution of the Notice Packet directed to the Class Members as set forth in the Settlement and the Court's directions has been completed in conformity with the Preliminary Approval Order. The Notice Packet provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement terms as set forth in the Settlement, to all persons entitled to such Notice. The Notice fully satisfied the requirements of due process, having been sent to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. The Notice fully and accurately informed Class Members of all material elements of the proposed settlement and their opportunity to exclude themselves from, or object to, the Settlement.

6. By filing the motion for an award of attorneys' fees, costs, and service payment awards, and by also permitting Class Members to object to those amounts through to the hearing of the motion of final approval, Plaintiffs have satisfied the notice and opportunity to respond requirements of In re Mercury Interactive, 816 F.3d 988 (9th Cir. 2010).

7. Plaintiffs Florentino Lopez and Luis Hernandez are confirmed as the Class Representatives for settlement purposes. Moon Law Group, PC and Wilshire Law Firm are confirmed as Class Counsel.

8. Simpluris, Inc. ("Simpluris") is confirmed as the Settlement Administrator, pursuant to the terms set forth in the Settlement. The Court hereby directs payment to the Administrator, Simpluris, for fees and expenses, in the amount of $12,267.00, to be paid pursuant to the Settlement's terms for such distribution. The Court finds that the Settlement Administrator has thus far fully discharged its obligations as Settlement Administrator under the terms of the Settlement, and the Settlement Administrator is directed to complete the administration as set forth in the Settlement.

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

(ATTACHMENT)

Civil Action No. 22-cv-1404-JES-DDL

9. The proposed payment of $18,750.00 in civil penalties under the Labor Code Private Attorneys General Act of 2004 (Labor Code § 2698 et seq.) to the Labor and Workforce Development Agency is approved. The Court finds that the substantial risks identified in this matter could result in very substantial reductions in discretionary penalties, if any were recovered. The Court approves the Settlement and release of the PAGA claim.

10. The Court hereby awards Class Counsel, Moon Law Group, PC and Wilshire Law Firm, $283,333.33 in attorney's fees, with 75% ($212,500.00) to Moon Law Group, PC and 25% ($70,833.33) to Wilshire Law Firm, PLC and $12,342.69 in costs to Moon Law Group, PC and $5,044.81 in costs to Wilshire Law Firm, PLC.

11. The Court hereby awards Class Representative Enhancement Payments of $5,000.00 each to Plaintiffs Florentino Lopez and Luis Hernandez for a total of $10,000.00), to be paid in accordance with the terms of the Settlement. The Court finds that this amount is fair and reasonable in light of Plaintiffs' contributions to this litigation, and this amount is unopposed.

12. The Court directs payment to all Class Members pursuant to the terms of the Settlement.

13. The Court orders that a Qualified Settlement Fund, as defined in Treasury Regulations Section 1.468B-1, or other applicable law, shall be established to effectuate the terms of the Settlement and the orders of the Court.

14. Defendant shall pay a total of $850,000.00 to resolve this litigation. Defendant will fund the Gross Settlement Amount into a Qualified Settlement Fund account within twenty (20) calendar days of the Effective Date, as defined in the Settlement. Within fifteen (15) calendar days of the receipt of the funding, the Settlement Administrator shall issue settlement payments to Class Members.

15. Class Members were given a full opportunity to participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been heard. As of the date of this Order and Judgment, no Class Member has objected to the Settlement. Participating Class Members who did not timely object to the settlement set forth in the Settlement are barred from prosecuting or pursuing any appeal of the Final Approval Order and Judgment.

16. Upon the final approval by the Court of this Settlement and Defendant's payment of all sums due pursuant to this Settlement, and except as to such rights or claims as may be created by the Settlement, the Class Representatives, the Class and each Class Member who has not submitted a valid and timely request for exclusion as to claims other than the PAGA claim, will release claims as follows:

# United States District Court
### SOUTHERN DISTRICT OF CALIFORNIA

(ATTACHMENT)

Civil Action No. 22-cv-1404-JES-DDL

a. Released Claims. "Released Claims" means, all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from the same facts and/or claims alleged in the Original Complaint, PAGA Complaint and First Amended Complaint, Second Amended Complaint, or related to claims that were pled or could have been pled based on the facts alleged in the Complaint and in pending PAGA Letters submitted to LWDA by Putative Class Members and/or Class Counsel, including claims for wages, restitution, statutory and civil penalties, interest, fees, and costs, and claims arising from California's Private Attorneys General Act, including under the California Labor Code and corresponding provisions of Wage Orders, based on the following categories of claims and allegations: (1) failure to pay wages, including minimum wages, regular wages, overtime wages at the regular rate, double time wages, paid sick leave, reporting time wages, vacation wages and shift differentials; (2) failure to provide meal periods and associated premium pay; (3) failure to authorize and permit rest breaks and associated premium pay; (4) failure to timely pay final wages at termination; (5) failure to provide accurate itemized wage statements; (6) failure to timely pay all wages during employment; (7) failure to reimburse business expenses; (8) failure to maintain accurate records of hours worked; (9) failure to maintain accurate records of meal breaks; (10) unfair business practices in violation of California Business and Professions Code sections 17200, et seq., including incorporated or related claims based on alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 221, 226, 226.3, 226.7, 227.3, 233, 246, 246.5, 510, 512, 551, 552, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2800 and 2802 et seq.; and (11) civil penalties under the Private Attorneys General Act (California Labor Code sections 2698 et seq., including incorporated or related claims based on alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 218, 221, 226, 226.7, 227.3, 246, 510, 512, 551, 552, 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 2800 and 2802 et seq.

b. Released Claims Period. "Released Claims Period" means the period from February 15, 2020 to January 22, 2024.

c. Released Parties. "Released Parties" means Defendant, and any of its former and present parents, subsidiaries, and affiliates, divisions, corporations in common control, predecessors, successors, and assigns, as well as all, and their past and present officers, directors, employees, partners, shareholders, agents, attorneys, insurers, and any other successors, or assigns, or legal representatives, except insofar as these individuals are Class Members.

d. Release of Additional Claims and Rights by Plaintiffs. Upon payment of all funds due hereunder and the occurrence of the Effective Date, as a condition of receiving any portion of their Class Representative Enhancement Payment, Plaintiffs will agree to the additional following General Release: In consideration of Defendant's promises and agreements as set forth herein, each Plaintiff hereby fully releases the Released Parties from any and all Released Claims and also generally releases and discharges the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind which have been or could have been asserted against the Released Parties arising out of or relating to Plaintiffs' employment by Defendant or termination thereof, including but not limited to claims for wages, restitution, penalties, retaliation, or wrongful termination of employment, and including any other claims whatsoever, including any interest thereon, including claims based on alleged discrimination on the basis of sex, race, national origin,

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

(ATTACHMENT)

Civil Action No. 22-cv-1404-JES-DDL

ancestry, age, religion, disability, handicap, and/or veteran status, and/or any other state or federal or common law, statutory, or other claims arising out of or relating to Plaintiffs' employment by Defendant. This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs (except provided by the Agreement) relating to or in any way connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein. Thus, Plaintiffs expressly waive any right or claim or right to assert hereafter that any claim, demand, obligation, and/or cause of action has, through ignorance, oversight, or error, been omitted from the terms of this Settlement Agreement. Specifically, Plaintiffs waive all rights and benefits afforded by California Civil Code Section 1542, which provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. The release of claims set forth in this paragraph does not include claims for workers' compensation benefits or any of claims that may not be released by law.

e. PAGA Settlement and Release. The Parties acknowledge and agree that for purposes of the PAGA and Judgment, all Putative Class Members were allegedly aggrieved in the same manner pursuant to Labor Code § 2698, et. seq., in that each Putative Class Member allegedly suffered at least one of the alleged Labor Code violations asserted in the Complaint for which the PAGA provides an available remedy. The Parties also acknowledge and agree that, by law, non-party employees have no right to opt out of, or object to, the settlement of PAGA claims, that the settlement of PAGA claims is subject to Court approval, and a judgment with respect to PAGA claims is binding with respect to non-party employees upon Court approval, pursuant to California Labor Code section 2699(l), Arias v. Superior Ct. (Dairy), 46 Cal. 4th 969, and Cardenas v. McLane Foodservice, Inc., 2011 WL 379413 at *3 (C.D. Cal. Jan. 31, 2011). As such, irrespective of whether a Putative Class Member submits a Request for Exclusion, upon approval of the Settlement, all Putative Class Members will be issued payment for PAGA penalties as provided herein, and upon the Effective Date, shall be deemed to have released the Released Claims arising under PAGA.

17. The Court directs that the Clerk of the Court enter the Court's Order as a Final Judgment. Plaintiffs and Class Members shall take nothing from Defendant except as set forth in the Settlement and this Final Approval Order and Judgment.

18. Neither this Order, the Settlement, nor any related statements or proceedings shall be construed or deemed an admission of liability, culpability, damage or wrongdoing on the part of Defendant, or of the appropriateness of certification of the Class other than for settlement purposes.

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

(ATTACHMENT)

Civil Action No. 22-cv-1404-JES-DDL

19. In the event the Judgment is overturned, reversed, not affirmed in its entirety, or never becomes final, the Effective Date does not occur, or the Settlement is nullified or modified for any reason, Defendant does not waive any and all rights, including its right to oppose class certification. The Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the Settlement.

20. The Court orders that, without affecting the finality of the Final Approval Order and Judgment, it reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the Judgment.

21. Plaintiffs' Motion for Final Approval of Class and PAGA Action Settlement and Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, and Enhancement Awards to Plaintiffs are hereby granted, and the Court directs that Judgment shall be entered in accordance with the terms of this Order.

22. Class Counsel is ordered to file a final report and declaration regarding distribution no later than December 2, 2024.

IT IS SO ORDERED.

The case is hereby closed.